UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRYAN T. HARRISON,<br><br>        Petitioner,<br><br>v.<br><br>ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY<br><br>        Respondent. | Case No. 4:18-cv-00177-CWD<br><br>**ORDER** |

Before the Court is Petitioner's Motion for Attorney Fees and Costs made pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Dkt. 31, 23.) Respondent filed a memorandum objecting to the request for fees, but not the request for costs. Respondent asserted that Petitioner included pre-complaint time and clerical tasks billed at attorney rates, rendering the request unreasonable. 28 U.S.C. § 2412(b). Prior to the filing deadline, the Court requested clarification from Petitioner. (Dkt. 35.) Petitioner filed a reply brief setting forth the attorney time expended, and eliminating clerical or duplicative attorney tasks. Respondent did not file an additional brief. Accordingly, the

**ORDER - 1**

motion is ripe for review. For the reasons stated herein, the Court will grant the motion in part and deny it in part.

## BACKGROUND

Petitioner requested initially reimbursement of $400 in costs, representing the filing fee; $1,700.00 in attorney fees for 8.5 hours of time spent from the date of the ALJ hearing on April 14, 2016, through February 16, 2018, the date of the Appeals Council's decision; and $10,200 in attorney fees for 51 hours of time spent following the decision of the Appeals Council. Petitioner's attorney charged an hourly rate of $200.00.

Respondent did not object to the request for costs, nor to the hourly rate for attorney fees, which was below the applicable statutory maximum hourly rate for work performed in 2018 and 2019, for time spent representing Petitioner before the Court.[1] However, Respondent objected to the request for attorney fees representing time spent for work performed before the agency and prior to the filing of the petition for review, citing 28 U.S.C. § 2412(d)(1)(A). Respondent argues that the EAJA generally does not apply to the non-adversarial proceedings before the agency, and therefore, time spent on a case prior to investigation for and preparation of the petition for review in district court should not be compensated under the EAJA. *See Melkonyan v. Sullivan*, 501 U.S. 89, 94, 97 (1990).

---

[1] *See* Statutory Maximum Rates Under the Equal Access to Justice Act, United States Courts for the Ninth Circuit (last visited November 15, 2019), https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039

**ORDER - 2**

Additionally, Respondent objected to Petitioner's request for compensation of what appeared to be clerical tasks billed after February 16, 2018, at an attorney rate, identifying 12 hours billed between February 21, 2018, and July 26, 2018, as clerical in nature. (Dkt. 34 at 4.) Accordingly, Respondent asked the Court to reduce Petitioner's requested attorney fees under the EAJA to $8,480 for a reduced total of 42.4 hours of billable work performed after February 16, 2018.

In response to the Court's order that Petitioner clarify his request for attorney fees, Petitioner explained he is seeking reimbursement of $1,820.00 for 9.1 hours of attorney time spent between April 14, 2016, and February 16, 2018, and $8,240.00 for 41.2 hours of attorney time spent after February 16, 2018.

## ANALYSIS

The EAJA provides that a court must award fees and other expenses to a prevailing party when such fees and other expenses were incurred by that party in any civil action brought against the United States, unless a court finds that "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §§ 2412(d)(1)(A) and (b). Fees and other expenses include "reasonable attorney fees." *Id.*

Having reviewed the motion and later briefing, as well as the supporting materials and the entire record herein, the Court finds Petitioner is the prevailing party in this matter and that Petitioner's request for reimbursement of costs and $8,240.00 in attorney fees for time spent after February 16, 2018, the date of the Appeals Council's decision, is

**ORDER - 3**

reasonable. Accordingly, costs of $400.00 and attorney fees of $8,240.00 will be awarded.

This leaves the Court to determine whether time spent between April 14, 2016, the date of the ALJ's decision, and February 16, 2018, is compensable under the EAJA. The Court concludes it is not. According to the plain text of 28 U.S.C. § 2412(d)(1)(A) and (B), attorney fees under the EAJA are awarded to a party in a civil action against the United States in any court having jurisdiction over the action. The textual limitation of the EAJA itself limits the Court to awarding attorney fees incurred during proceedings before the Court, not those incurred during administrative proceedings prior to the filing of a civil action. *See Melkonyan*, 501 U.S. at 94, 97 (holding that work performed in administrative proceedings is generally not compensable under the EAJA); *Mendenhall v. NTSB*, 213 F.3d 464, 469 (9th Cir. 2000) (holding that work performed in administrative proceedings prior to filing a civil action could not be compensated pursuant to EAJA). However, work performed in preparation for the filing of a civil action is compensable. *Garcia v. Colvin*, No. 1:11-CV-01965-SKO, 2013 WL 5347494, at *5 (E.D. Cal. Sept. 23, 2013).

A review of the record indicates that the attorney time spent prior to February 16, 2018, was time spent before the administrative agency, and was not time spent by Petitioner's counsel in preparation of filing the suit in this Court. (*See, e.g.,* Dkt. 32 at 5 and AR 328 – 358, corresponding to billing entries dated 11/04/2016 and 12/27/2016 –

1/25/2017.) Rather, the time reflected work performed before the Appeals Council. The time is therefore not compensable.

Based upon the EAJA, the Motion will be granted in part and Petitioner will be awarded $8,240.00 in attorney fees and $400.00 in costs. 28 U.S.C. § 2412(d). Any assignment to Petitioner's counsel of said fees will be subject to offset under the Treasury Offset Program pursuant to *Astrue v. Ratliff*, 130 U.S. 2521 (2010), if applicable.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Motion for Attorney Fees (Dkt. 19) is **GRANTED IN PART AND DENIED IN PART** as follows:

1) Petitioner is awarded costs of $400.00 and EAJA attorney fees in the amount of $8,240.00 pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010);

2) Respondent shall issue a check for EAJA fees made payable to Petitioner's attorney, Brendon C. Taylor, and mailed to: Merrill & Merrill, P.O. Box 991, Pocatello, ID 83201. Any assignment to Petitioner's counsel of said fees will be subject to offset under the Treasury Offset Program; and

3) The motion is denied as to the requested fees for time spent prior to the filing of the petition for review and not in preparation for filing the federal suit.

DATED: November 15, 2019

Candy W. Dale
U.S. Magistrate Judge